UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES TOMASSI,

                Plaintiff,

      -against-

SUFFOLK COUNTY, SUFFOLK COUNTY JAIL,
SUFFOLK COUNTY SHERIFFS DEPARTMENT,

                Defendants.
----------------------------------------------------------------X

**ORDER**
17-CV-4995 (JMA)(AKT)

**AZRACK, United States District Judge:**

On August 23, 2017, then-incarcerated[1] pro se plaintiff James Tomassi ("plaintiff") filed a complaint in this Court against Suffolk County, the Suffolk County Jail (the "Jail"), and the Suffolk County Sheriff's Department ("SCSD" and collectively, "defendants") together with an application to proceed in forma pauperis and an order to show cause seeking the entry of a temporary restraining order and a preliminary injunction (the "motion"). (See Docket Entry Nos. 1-3.)  Plaintiff did not file the required Prisoner Litigation Authorization form ("PLRA") at the time he filed the complaint.  Accordingly, by Notice of Deficiency dated August 24, 2017 (the "Notice"), plaintiff was instructed to complete and return the enclosed PLRA within fourteen days from the date of the Notice in order for the case to proceed.  (See Docket Entry No. 6.)  On October 2, 2017, plaintiff filed the PLRA.  (See Docket Entry No. 11.)  Albeit untimely filed, it is accepted.

By Order dated August 25, 2017, the Court denied the motion finding that plaintiff had not made a showing of a likelihood of success on the merits.  Upon review of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified by his financial status to commence

---

[1] On October 20, 2017, the Court received a letter dated October 17, 2017 from the Office of the Suffolk County Sheriff that apprised the Court that plaintiff "was discharged from the Suffolk County Correctional Facility on 10/13/17." (See Docket Entry No. 13.)  Shortly thereafter, on October 23, 2017, the Court received a change of address notice from plaintiff that provided a residential address of 15 Elliot Avenue, Lake Grove, NY.  (See Docket Entry No. 14.)

1

this action without prepayment of the filing fee and therefore the Court grants plaintiff's request to proceed in forma pauperis. However, the Court sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(1) for the reasons that follow.

## I. BACKGROUND[2]

Plaintiff's brief complaint alleges the following, in its entirety:

> The basis for Federal Jurisdiction is a question involving the Ninth Amendment which addresses rights retained by the people, including the right to appropriate medical care, housing, if dependent on a Government agency, and proper nutrition, when a chronic medical condition exists, and also dependent on government agency. To deprive a person of these basic needs would constitute cruel and unusual punishment. Ignoring a condition as serious as diabetes, where the side effects can be as serious as loss of limb and blindness, I believe the minor adjustments such as housing and diet are insignificant.
>
> Statement of claim: In this claim, I am requesting to be assigned to a housing area where I would be able to continue my regimine of exercise to control my blood sugar, which I know can be detrimental to my survival, should I ignore it. I have managed to keep it in normal range for six years at this point. To loose this over traffic infractions seems to be classified as cruel and inhuman, when such simple issues are involved, such as diet and exercise. The fact that more than half the population suffers from diabetes and the jail does not have a diabetic diet seems negligent. The loss of my vision and extremities is a very serious issue and one I am sure the Court would take equally as serious. Traffic infractions do not warrant such a punishment.
>
> Relief: The relief I am seeking is that the Court should order that I be housed in an area where I can continue my efforts to control my blood sugar levels and for the jail to supply myself and other inmates with the same condition with proper nutrition. Many of the inmates who are detained her, and suffer from diabetes, have glucose levels of 400 and more. This is not only a toxic level but can cause terrible side effects. This issue needs attention. I am not the only person in this situation, which needs to be resolved before there is a tragedy.

(Compl. at 2-3.)

---

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order. See Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (finding that when reviewing a pro se complaint for sua sponte dismissal, a court is required to accept all material allegations as true). Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

## II.  DISCUSSION

**A.      In Forma Pauperis Application**

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's application to proceed in forma pauperis is granted.

**B.      Standard for Dismissal**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the Court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted).

The Supreme Court has held that pro se complaints need not plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and

3

citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.      Section 1983**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

   **1.      Section 1983 Claims against the Jail and the SCSD**

Plaintiff names the Jail and the SCSD as defendants. However, neither the Jail nor the

4

SCSD are suable entities because they are merely administrative arms of the County of Suffolk. "It is well settled that an entity, such as the Suffolk County [] [Jail or Sheriff's] Department is an 'administrative arm' of the same municipal entity as Suffolk County and thus lacks the capacity to be sued." See Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims against the Jail and the SCSD because "the Jail and SCPD are administrative arms of the County of Suffolk [] [and] lack the capacity to be sued."); Barreto v. Suffolk Cnty. Sheriff's Dept. et al., 10-CV-0028, 2010 WL 301949 (E.D.N.Y. Jan. 20, 2010) (sua sponte dismissing Section 1983 claims against the SCSD because it is a non-suable administrative arm of the County of Suffolk).

Therefore, plaintiff's Section 1983 claims against the Jail and the SCSD are implausible as a matter of law and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

### 2. Section 1983 Claims against Suffolk County

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

Here, even assuming *arguendo* that plaintiff has properly alleged that a municipal policy or custom caused a deprivation of his constitutional rights, given that plaintiff seeks only injunctive relief and is no longer incarcerated, his Section 1983 claims against Suffolk County are now moot.

5

It is long established "[i]n this circuit, [that] an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." See Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) (citing Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam); Young v. Coughlin, 866 F.2d 567, 568 n. 1 (2d Cir. 1989); Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976) (inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution); see also Washington v. Gonyea, 731 F.3d 143, 144 n.1 (2d Cir. 2013) (per curiam); Pugh v. Goord, 571 F. Supp. 2d 477, 490 (S.D.N.Y. 2008) (finding a plaintiff's claims for injunctive and declaratory relief against prison officials moot in light of the plaintiff's release from prison). Indeed, "[t]he hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983).

Given that plaintiff's Section 1983 claims that seeks exclusively injunctive relief against Suffolk County are moot as a result of his discharge, they are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**D.    State Law Claims**

It appears that plaintiff also seeks to allege state law negligence claims against the defendants. Given the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims. Without federal claims as an anchor, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction. . . . "); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance

of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims.").

**E.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a pro se plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citation omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. Given that reasons for dismissal of plaintiff's claims are substantive and could not be cured in an amended complaint, amendment would be futile. Accordingly, leave to amend the complaint is denied.

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted. However, plaintiff's complaint is dismissed sua sponte in its entirety. Plaintiff's claims against the Jail and the SCSD are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim and plaintiff's claims against Suffolk County are dismissed without prejudice as they are now moot. The Court declines to exercise supplemental jurisdiction over any remaining state law claims alleged in the complaint and the state law claims are thus are

dismissed without prejudice.  The Clerk of the Court shall mail a copy of this Order to the pro se plaintiff and close this case.

      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Date: October 10, 2018
Central Islip, New York

                                                  /s/ (JMA)
                                             Joan M. Azrack
                                             United States District Judge